IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSHUA MAZIQUE BURTON, §<br>#07366511, §<br>    PETITIONER, §<br>§<br>v. §<br>§<br>GLENN A BRENNER, §<br>    RESPONDENT. § | CIVIL CASE NO. 3:25-CV-762-K-BK<br>(CRIMINAL NO. 3:24-CR-159-K-1) |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 filed in this action was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition where appropriate. As detailed here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND**

Petitioner Joshua Mazique Burton, a federal pretrial detainee in the Limestone County Detention Center, challenges the waiver of his preliminary hearing. Doc. 3 at 1. Burton is awaiting trial on a federal grand jury indictment charging him with conspiracy to possess with intent to distribute a controlled substance (Count 1) and possession with intent to distribute a controlled substance (Counts 2-3). *United States v. Burton*, No. 3:24-CR-159-K (N.D. Tex.); Crim. Doc. 15 (*Indictment*); Crim. Doc. 59 (Apr. 8, 2025 order granting Defendant's unopposed motion for a continuance).

On March 28, 2025, Burton filed the instant pretrial habeas corpus petition, seeking relief

under 28 U.S.C. § 2254. Doc. 3. Because he is in federal custody, the Court liberally construes his petition to seek relief under 28 U.S.C. § 2241. Burton asserts that on April 1, 2024, he learned that his former counsel had forged his signature on the document waiving his preliminary hearing. Doc. 3 at 1. He alleges that counsel's conduct violated his due process rights. *Id.*

Upon review, the Court concludes that subject matter jurisdiction is lacking. Even assuming jurisdiction, Burton should be required to exhaust the remedies available in his criminal case. Therefore, his petition should be dismissed.[1]

## II. ANALYSIS

### A. Jurisdiction is Lacking

To entertain a habeas corpus petition under § 2241, the Court must have jurisdiction over the prisoner or his custodian. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (holding the district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition). Burton is incarcerated in Limestone County, which lies within the boundaries of the Western District of Texas, Waco Division. 28 U.S.C. § 124(d)(2). Therefore, this Court lacks jurisdiction to entertain his habeas corpus petition. *Lee*, 244 F.3d at 374-75.

### B. Petitioner Should Exhaust Available Remedies in His Criminal Case

Even assuming jurisdiction, the petition should be summarily dismissed. A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an

---

[1] Burton did not pay the filing fee or move to proceed *in forma pauperis*. Because the petition should be summarily dismissed, the Court does not require compliance with those filing requirements.

answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[2]

Pretrial habeas relief is available to a federal pretrial detainee only "in rare and exceptional cases." *Johnson v. Hoy,* 227 U.S. 245, 247 (1913) (citations omitted). It is well established that courts "should withhold relief . . . where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle,* 342 U.S. 1, 6–7 (1951) (citations omitted). Likewise, it is a well "settled principle that a writ of habeas corpus may not be used … as a substitute for the ordinary proceedings of a trial court.'" *United States v. Bowler,* 62 F.3d 397, 1995 WL 449713, *2 (5th Cir. 1995) (per curiam) (quoting *U.S. ex rel. Palma v. Saegert,* 251 F.2d 59, 60 (5th Cir. 1957)). In *Bowler*, two federal pre-trial detainees filed a petition under § 2241 challenging their indictment after the district court denied their motion to dismiss it. 1995 WL 449713, *1. The Court of Appeals for the Fifth Circuit found no "'rare and exceptional'" circumstances warranting consideration of the pre-trial writ as a substitute for a direct appeal and concluded that the petitioners' arguments should be "presented and reached 'in the orderly administration of justice.'" *Id.* at *2; *see also Philip v. Cruz*, 3:11-CR-0361-L, 2012 WL 1413432, at *1–2 (N.D. Tex. Mar. 26, 2012), *rec. adopted*, 2012 WL 1423656 (N.D. Tex. Apr. 24, 2012) (dismissing § 2241 detention and prosecution claims for failing to exhaust remedies available in the federal detainee's pending criminal case).

Here, as in *Bowler*, the claim Burton raises in his § 2241 habeas petition can be pursued in his pending criminal action, where he is represented by counsel. Accordingly, Burton should be required to fully exhaust the remedies available in his pending criminal case. His habeas

---

[2] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by § 2254.

challenge should thus be dismissed.

### III. CONCLUSION

For all these reasons, Burton's petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. *See* FED. R. CIV. P. 12(h)(3). Even assuming jurisdiction, the petition alternatively should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust the remedies available in his pending criminal case.

**SO RECOMMENDED** on April 17, 2025.

*[signature]*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).